UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

METROPOLITAN LIFE
INSURANCE COMPANY,

      Plaintiff,

  v.

ROSHANA ADAMS and
ERIC ROBINSON,

      Defendants.
_____/

Case No. 21-12393

Hon. George Caram Steeh

ORDER GRANTING IN PART AND DENYING
IN PART MOTION FOR INTERPLEADER (ECF NO. 14)

Metropolitan Life Insurance Company ("MetLife") brought this interpleader action to resolve competing claims to life insurance benefits in the amount of $15,066. According to the complaint, Roshana Adams and Eric Robinson both claim to be beneficiaries of a life insurance policy issued to Seafred Robinson by MetLife. The ability of either claimant to recover depends upon the validity of Robinson's most recent beneficiary designation, which is unclear. As a mere stakeholder, MetLife disclaims any interest in the policy proceeds and seeks to deposit the funds with the court.

MetLife filed a motion for deposit of plan benefits, judgment of interpleader, and dismissal on July 15, 2022. Neither Adams nor Robinson have objected or filed a response.

Pursuant to Federal Rule of Civil Procedure 22, "[p]ersons with claims that may expose a plaintiff to double or multiple liability may be joined as defendants and required to interplead." Fed. R. Civ. P. 22(a)(1). Interpleader is an equitable proceeding that "affords a party who fears being exposed to the vexation of defending multiple claims to a limited fund or property that is under his control a procedure to settle the controversy and satisfy his obligation in a single proceeding." *United States v. High Tech. Prod., Inc.*, 497 F.3d 637, 641 (6th Cir. 2007) (citation omitted).

> An interpleader action typically proceeds in two stages. During the first stage, the court determines whether the stakeholder has properly invoked interpleader, including whether the court has jurisdiction over the suit, whether the stakeholder is actually threatened with double or multiple liability, and whether any equitable concerns prevent the use of interpleader. During the second stage, the court determines the respective rights of the claimants to the fund or property at stake via normal litigation processes, including pleading, discovery, motions, and trial.

*Id.* (citation omitted). At the first stage, if the court determines that interpleader is appropriate, "it may issue an order discharging the stakeholder, if the stakeholder is disinterested, enjoining the parties from

prosecuting any other proceeding related to the same subject matter, and directing the claimants to interplead." *Id.* at 641.

This case is at the first stage of interpleader litigation, when the court determines whether MetLife has properly invoked the rule. The court has federal question jurisdiction over this matter pursuant to 28 U.S.C. § 1331, because the life insurance plan at issue is governed by the Employee Retirement Income Security Act ("ERISA") and MetLife is an ERISA fiduciary. *See Metropolitan Life Ins. Co. v. Marsh*, 119 F.3d 415, 418 (6th Cir. 1997). Interpleader is appropriate because MetLife has received competing claims to the same life insurance proceeds, potentially exposing it to double liability. MetLife claims no interest in the proceeds itself. Accordingly, the court will order MetLife to deposit the life insurance proceeds with the court and will dismiss the company from this litigation.

MetLife also seeks its attorneys' fees incurred in bringing this action. Although neither the interpleader rule nor statute mentions attorneys' fees, the Sixth Circuit has recognized that the court has discretion to award fees "whenever it is fair and equitable to do so." *Holmes v. Artists Rights Enforcement Corp. (AREC)*, 148 Fed. Appx. 252, 259 (6th Cir. 2005). However, "numerous courts have declined an attorneys' fee award to an insurance company, taking the view that the costs of an interpleader action

-3-

to resolve competing claims for insurance proceeds is an expense that arises in the ordinary course of business that should not be passed along to the ultimate beneficiary." *Fidelity Life Ass'n v. Amstutz*, No. 16-CV-12618, 2016 WL 6892081, at *2-3 (E.D. Mich. Nov. 22, 2016) (Steeh, J.). MetLife experiences competing claims in the normal course of its business and benefits by bringing an interpleader action to absolve itself of further litigation over those claims. Moreover, MetLife's request for a fee of $6,800 would substantially deplete the $15,066 fund. In light of these considerations, the court finds that an award of attorneys' fees would not be fair and equitable in this case. *See id.* (declining to award fees in interpleader action).

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for interpleader, dismissal, and attorneys' fees and costs (Doc. 14) is GRANTED IN PART and DENIED IN PART as set forth below:

IT IS ORDERED that Plaintiff Metropolitan Life Insurance Company is permitted to interplead the policy proceeds at issue, and shall deposit the life insurance benefits in the amount of $15,066, plus any applicable interest, into the Court's Registry in accordance with Local Rule 67.1.

IT IS FURTHER ORDERED that the Clerk accept for deposit into the Registry of the Court the deposit to be made by Plaintiff Metropolitan Life

Insurance Company in the amount of $15,066, plus any applicable interest, and the Clerk shall promptly invest those funds into an interest bearing account in accordance with Local Rule 67.1.

IT IS FURTHER ORDERED that the Clerk may deduct from the account any fee authorized by the Judicial Conference of the United States.

IT IS FURTHER ORDERED that Plaintiff Metropolitan Life Insurance Company is DISMISSED WITH PREJUDICE upon fulfillment of this court's orders, and plaintiff is fully relieved of and discharged from any and all liability with respect to payment of the proceeds of the life insurance policy issued to Seafred Robinson.

IT IS FURTHER ORDERED that defendants Roshana Adams and Eric Robinson are permanently enjoined from commencing any other actions or proceedings seeking payment of the policy proceeds at issue or otherwise related to the life insurance policy issued to Seafred Robinson by Metropolitan Life Insurance Company.

IT IS FURTHER ORDERED that Roshana Adams and Eric Robinson shall interplead and litigate between themselves their rights to the life insurance policy proceeds.

IT IS FURTHER ORDERED that Plaintiff's motion for attorneys' fees is DENIED.

Dated: August 23, 2022

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on August 23, 2022, by electronic and/or ordinary mail and also on

Roshana Adams, 30349 Berghway Trail, Warren, MI 48092
and
Eric Robinson, 20401 E. Eight Mile Road, Apt 15,
St Clair Shores MI 48080

s/Brianna Sauve
Deputy Clerk

---